[No. 16611.   Department Two.   February 3, 1922.]

NORTH COAST POWER COMPANY, *Respondent,* v. PITTOCK & LEADBETTER LUMBER COMPANY, *Appellant.*[1]

WATERS AND WATER COURSES (83)—PUBLIC SUPPLY—RATES—SERVICE TO PRIVATE CONSUMER—CHARGES FOR FIRE PROTECTION.  A water company which supplies water for ordinary use and also a service for protection in case of fire is entitled to charge for such fire protection in addition to the customary meter rates for the ordinary consumption of water.

Appeal from a judgment of the superior court for Clarke county, Hewen, J., entered March 1, 1920, upon findings in favor of the plaintiff, in an action to recover water charges, tried to the court.   Affirmed.

*Crass & Hardin,* for appellant.

*Miller & Wilkinson,* for respondent.

MAIN, J.—The purpose of this action was to recover a balance claimed to be due for water service.   The trial before the court without a jury resulted in findings of fact, conclusions of law and a judgment sustaining the right to recover.   The defendant appeals. The respondent is a corporation and supplies the city of Vancouver and its inhabitants with water for fire protection and domestic uses.   The appellant is a corporation and owns and operates a sawmill situated within the city limits.   In the sawmill there has been

[1]Reported in 204 Pac. 180.

installed a system of stand pipe with hose connections to be used in the event of fire. The respondent supplies the appellant with water for its ordinary use through a three-inch meter and this is paid for at the meter rate. The pipe leading to the meter and leading from it is a six-inch pipe. Around the meter is a by-pass which in the event of fire will permit the water to flow through the six-inch pipe without passing through the three-inch meter.

The service for which recovery is sought is that which is furnished for fire protection, and not the meter service for ordinary use, which had been paid for from time to time. The charge for service for the fire protection was made in accordance with the schedule of rates filed with the public service commission of this state. There is no question here of the reasonableness of the rate. The question is solely one of whether the respondent has the legal right to charge for fire protection service in addition to that charged through the meter for ordinary use of the mill.

In order to equip itself to furnish fire protection service it was necessary for the respondent to have larger mains, higher pressure, and greater reserve capacity than would be required for ordinary domestic use. The water for ordinary use was one thing and the water to be used in the event of fire was a separate and distinct service. The one passed through the three-inch meter and the other, in the event that it was needed, would go through the by-pass and be used in connection with the stand pipes with the hose connection.

A similar question was before the supreme court of Minnesota in *Gordon & Ferguson v. Doran*, 100 Minn. 343, 111 N. W. 272, and it was there held that, in addition to the meter rate for the ordinary use, an addi-

tional rate could be charged for the service rendered for fire protection. It was there said:

"When, however, a sprinkling connection is made with private premises, the situation is materially different. These premises and the primary causes of catastrophe to the building and of the consequent possible use of disastrous quantities of water are primarily under the control, not of the public, but of the owner. A peculiar personal service is provided for his benefit, which is not enjoyed in common by the community in general, but is available only to a limited class of individuals. It does not advance the reasoning in this connection to split hairs between the 'use' and the 'consumption' of water. As a matter of good sense the property owner beneficially employs the water mains for his own purposes and to his own advantage, although he may not, except in case of fire, actually draw any water from the pipes. It is necessary and proper that for this he should pay. In effect he gets something of pecuniary value from another, which that other is not compelled to give except on the basis of contract."

There is no legal reason why the appellant receiving the service for fire protection should not pay therefor in addition to the meter rate which it pays for the ordinary daily use. There is nothing in § 8626-52 of Remington's 1915 Code (P. C. § 5579), which is out of harmony with this view.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and HOVEY, JJ., concur.